■ JEAN LALLY et al., Respondents, v. STEPHEN J. PRYDULUK, Appellant, et al., Defendants.— In a negligence action to recover damages for injury to person and property, and for loss of services and medical expenses, defendant Pryduluk appeals from a judgment of the Supreme Court, Suffolk County, entered May 21, 1964 on the verdict of a jury in plaintiffs' favor against him on the causes of action for personal injury and loss of services and medical expenses. The cause of action for property damage was dismissed by the trial court at the end of plaintiffs' case. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. It appears that the automobile owned and operated by the plaintiff wife was struck from the rear, while at a standstill, by a motor vehicle owned and operated by defendant Pryduluk. It appears, however, that Pryduluk was also at a standstill prior to the accident and that his vehicle was struck by a third car and propelled into plaintiffs' automobile. We are of the opinion that, on the record presented, the finding implicit in the verdict that defendant Pryduluk was negligent was against the weight of the evidence. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ TORMOD LANGEMYR, Doing Business as TOM CARPENTRY CONSTRUC-TION COMPANY, Respondent, v. PATRICK J. CAMPBELL, as President of Local Union No. 964, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Appellant.— In an action by an employer against an individual as president of a carpenters' union to declare invalid a purported contract between them, to stay an arbitration proceeding thereunder and for other relief, defendant appeals from an order of the Supreme Court, Rockland County, entered October 22, 1965, which denied his application to strike the action from the Trial Calendar and for other relief. Order modified (1) by striking out the provision that the motion insofar as it was to strike the action from the Trial Calendar is denied and by providing in lieu thereof that such relief is granted and (2) by adding a provision that the motion is further granted to the extent that all further proceedings in the action by both parties are stayed pending the con-clusion of the arbitration proceeding. As so modified, order affirmed, without costs. (Langemyr v. Campbell, 23 A D 2d 371; see, also, Matter of Local Union No. 964 [Langemyr], 25 A D 2d 534, decided herewith.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.